UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEREK DENNIS WEBB,<br>　　　　　　　Plaintiff,<br>v.<br><br>CITY FO DETROIT, *et al.*,<br>　　　　　　　Defendants.<br>_____/ | Case No. 24-12895<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER REGARDING PLAINTIFF'S EXHIBITS, MOTION FOR
ALTERNATE SERVICE (ECF No. 17), and LETTER**

This Order addresses some of Plaintiff's filings and a motion to serve the individually named Defendants by public notice (ECF No. 17).

A.　Plaintiff's Exhibits

Plaintiff has filed several exhibits or notices of filing exhibits in the traditional manner. (ECF Nos. 7, 8, 18, 22). If an exhibit is a paper copy, a notice of filing the exhibit in the traditional manner is unnecessary. Paper exhibits can be attached to a motion or response without leave of the Court and without notice. Physical exhibits, such as DVDs, need Court approval to be filed. If Plaintiff intends to use a physical object as an exhibit, he must seek leave from the Court to do so. If leave is approved, then Plaintiff would be required to provide the physical object to the Court.

All that said, the documents Plaintiff filed or wishes to file are either intended to support his complaint or are intended to provide proof of his allegations for later use in this litigation; it is unclear which. Filing exhibits as he has so far is inappropriate. If Plaintiff wishes to add exhibits to his complaint, he must seek leave to amend his complaint and attach those exhibits to the proposed amended complaint. A motion to amend the complaint must comply with Federal Rule of Civil Procedure 15(a) and Eastern District of Michigan Local Rule 15.1. Otherwise, filing exhibits at random, perhaps to store evidence on the Court's electronic docket, is impermissible. <u>Any further exhibits submitted that are not filed with a motion or in response to a motion will be stricken</u>.

B.   <u>Motion Regarding Service (ECF No. 17)</u>

Plaintiff named four Detroit Police Department officers and John Doe officers in the complaint. He hired a process server to personally serve the four named Defendants. Personal service was unsuccessful. According to the server's affidavit, he attempted to serve each Defendant at different Detroit Police Department locations on five occasions. The first four times he was told that service must be completed at a different location; he tried those locations. At the last attempt, he was told that documents could not be accepted at the location. (ECF No. 12, PageID.223; ECF Nos. 13-16).

Because of the failed service attempts, Plaintiff moved for what appears to be an Order allowing him to serve the complaint on the four named Defendants via public notice.  (ECF No. 17).

Plaintiff's motion is **DENIED WITHOUT PREJUDICE** because Plaintiff has one more avenue for service of process to attempt before alternate service is allowed.  Fed. R. Civ. P. 4(e) permits a plaintiff to serve an individual defendant by following state law or by personal service, leaving a copy of the complaint at the defendant's home with a person of suitable age, or delivering a copy to an agent authorized by appointment or law to accept service on the defendant's behalf.  State law permits personal service or mailed service **by registered or certified mail, return receipt requested, and delivery restricted to the addressee** (the defendant).  A copy of the returned receipt signed by the defendant is proof of service.  Mich. Ct. R. 2.105(A).

Michigan allows service by alternative means if both personal and mailed service "cannot reasonably be made."  Mich. Ct. R. 2.105(J)(1).  Plaintiff has not shown that mailed service cannot reasonably be made.  Until attempts at mailed service prove unsuccessful, the Court will not consider alternative means of service.

Fed. R. Civ. 4(m) directs courts to dismiss a defendant who is not served within 90 days of the filing of the complaint, after notice to the Plaintiff, unless

3

good cause is shown.  Giving Plaintiff time to attempt mailed service is good cause to extend the time serve the individual Defendants.  The Court will extend the time to serve by **60 days**.  The summonses are extended 60 days.

C.      Plaintiff's Letter (ECF No. 23)

Plaintiff filed a letter directed at counsel for Defendant City of Detroit asking him to tell the four individual Defendants to pick up their complaints at the courthouse in Detroit.  (ECF No. 23).  This letter is **STRICKEN**.  Plaintiff must send all correspondence for the Defendants directly to their counsel.  He cannot file letters to counsel or the parties on the Court's docket.  As to the content of this letter, as discussed above, since personal service did not work, proper service of process requires proper mailed service to each Defendant.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich.

Local Rule 72.2.

Date: February 5, 2025                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 5, 2025.

                              s/Sara Krause
                              Case Manager
                              (810) 341-7850