UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK DENNIS WEBB,                         Case No. 24-12895
                Plaintiff,
v.                                         F. Kay Behm
                                           United States District Judge
CITY OF DETROIT, *et al.*,
                Defendants.      Curtis Ivy, Jr.
_____/              United States Magistrate Judge

## ORDER ON MOTIONS AT ECF Nos. 19, 30, 31, 39, 42, 43

Plaintiff, who is proceeding without counsel, filed this civil rights lawsuit on November 1, 2024.  He sues the City of Detroit, the Detroit Police Department, four police officers, and unknown John Doe officers concerning his arrest and detention during October 2022.  (ECF No. 1).  Before the Court are several motions Plaintiff filed (ECF Nos. 30, 31, 39, 42, 43) and the City of Detroit's motion to dismiss (ECF No. 19).

A.    Motion to Dismiss and Plaintiff's Motion to Amend

Defendant City of Detroit moved to dismiss the complaint on January 21, 2025, for failure to state any allegations against it.  (ECF No. 19).  Plaintiff timely responded to the motion on February 3, 2025.  (ECF No. 24).  Then, on March 3, 2025, Plaintiff moved to amend his complaint.  (ECF No. 30, 32).  About two weeks later, Defendants other than the City of Detroit and the police department (which has not appeared) answered the original complaint.  (ECF No. 35).

Given the timing of Plaintiff's motion to amend and Defendants' answer that followed it, the Court ordered the Defendants to respond to the motion to amend to address whether Plaintiff could amend as of right.  (ECF No. 36).  The police officer defendants appear to concede that Plaintiff could amend as of right against them, but they object to Plaintiff filing the amended complaint because it does not comply with the Federal Rules of Civil Procedure.  The City of Detroit did not substantively participate in the response.  (ECF No. 37).

Plaintiff could not amend as of right, so his moving to amend was appropriate.  Parties can amend their pleadings once as a matter of right "no later than . . . 21 days after serving it," or 21 days after service of a responsive pleading (an answer) or 21 days after service of a motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1).  "In cases with multiple defendants, 'parties cannot add together, or make 'cumulative,' twenty-one-day periods after opposing parties file separate responsive pleadings or motions to dismiss at different times.'" *DPH Mech. Contractors, Inc. v. Berkley Se. Ins. Grp.*, 2025 WL 44148, at *1 (W.D. Tenn. Jan. 7, 2025) (quoting *Evans v. City of Ann Arbor*, 2021 WL 2949502, at *2 (E.D. Mich. July 14, 2021)); *see also* § 1481 Amendments as of Course—Actions By or Against More Than One Party, 6 Fed. Prac. & Proc. Civ. § 1481 (3d ed.) ("the sounder approach is to require a motion for leave to amend so that the court may consider the possible effects of the proposed amendment on the other parties

2

to the action.").  Thus, under Rule 15(a), Plaintiff had 21 days from the date of the

earliest responsive document—the City of Detroit's January 21, 2025 motion to

dismiss—to amend his complaint as of right.  Because Plaintiff did not seek

amendment until after that 21-day period, he needed to file a motion to amend, as

he did.

The only opposition to Plaintiff's motion to amend is that the proposed

amended complaint does not have consecutively numbered paragraphs and that

"[i]t is not clear from Plaintiff's proposed amended complaint the factual or legal

basis of his claim for relief, and his proposed amended complaint cannot be fairly

described as short or plain."  (ECF No. 37, PageID.341).  Defendants said that if

Plaintiff is permitted to amend his complaint, they will move for a more definite

statement under Fed. R. Civ. P. 12(e).

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when

justice so requires."  That said, this does not suggest that all motions to amend are

automatically granted.  Courts consider several factors when assessing a motion to

amend, namely "the delay in filing, the lack of notice to the opposing party, bad

faith by the moving party, repeated failure to cure deficiencies by previous

amendments, undue prejudice to the opposing party, and futility of amendment."

*Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001).

 Amendment of a complaint is futile when the proposed amendment would not

3

permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres*., 632 F.2d 21, 23 (6th Cir. 1980)).

Defendants do not argue against the timing or substance of the proposed amended complaint, but they contest the style of the proposed pleading. The Court agrees that the way the proposed amended complaint is drafted could cause confusion as the litigation progresses. As Defendants note, Plaintiff did not consecutively number his paragraphs. Instead, the paragraphs begin at "1" in each new section. Rule 10(b) requires the complaint to be stated in numbered paragraphs, and those paragraphs should be consecutive (beginning with 1 and continuing through until the end of the entire compliant). So Plaintiff's motion to amend the complaint is **GRANTED**, but Plaintiff must file a new amended complaint that is properly numbered. In doing so, he should take care to clearly state the factual allegations supporting his claims. This new amended complaint is **due by June 25, 2025**. If Plaintiff does not file the new amended complaint by this date, the Court and the parties will proceed with the proposed amended complaint as the operative complaint. If after June 25, 2025, Plaintiff has not filed the new amended complaint, then Defendants must respond to the proposed amended complaint (ECF No. 32) within 21 days of June 25, 2025.

An amended complaint supersedes the original complaint.  *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008).  Now that Plaintiff has been given leave to amend his complaint, the City of Detroit's motion to dismiss the original complaint is **DENIED WITHOUT PREJUDICE AS MOOT**.  *See Nails v. RPI-Section 8 Hous.*, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (quoting *Heard v. Strange*, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018)) (collecting cases).  The City did not argue that the amendment would be futile for the reasons stated in its motion to dismiss, and the Court is not in a position to assess the sufficiency of the pleadings on its own because Plaintiff is not proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e) (requiring the Court to dismiss the case brought by a plaintiff *in forma pauperis* at any time if the Court determines that the action is frivolous or fails to state a claim).

B.     Plaintiff's Other Motions

On March 11, 2025, Plaintiff filed a motion that appears to request surveillance video from the date of his arrest.  (ECF No. 31).  Then, on May 13, 2025, Plaintiff moved for a 21-day extension of time for Defendants to produce the surveillance video.  (ECF No. 42).  On May 16, 2025, he moved to have Defendants produce documents, including an incident or investigation report. (ECF No. 43).

These motions are **DENIED**.  Plaintiff is seeking discovery prematurely.  In civil cases, Federal Rule of Civil Procedure 26(d)(1) prohibits parties from seeking discovery from "any source" before the parties have conducted a Rule 26(f) conference, except when otherwise authorized by the Rules, stipulation, or court order.  Though certain cases are exempt from Rule 26(d)(1), Plaintiff's is not one of them.  *See* Fed. R. Civ. P. 26(a)(1)(B), 26(d)(1).  As a Rule 26(f) conference has not yet occurred, discovery at this time is premature.  Once there are answers, if any, to Plaintiff's Amended Complaint, the Court will issue a Rule 26(f) order.

Not only is Plaintiff's timing premature, but seeking video and documents by filing requests on the docket is inappropriate.  If and when discovery begins, Plaintiff must serve discovery requests on Defendants' counsel.  He cannot serve discovery requests by filing them with the Court.  Any future discovery requests filed like these will be summarily stricken.

Lastly, Plaintiff moved for an order compelling Defendants to respond to his March 11, 2025, proposed amended complaint filed with his motion to amend. (ECF No. 39).  This motion is also **DENIED**.  This Order requires Plaintiff to file a new amended complaint by June 25, 2025.  Defendants will be required to either answer or file a motion in response to that new amended complaint.  They need not respond to the March 11 proposed amended complaint (unless Plaintiff does not timely file the new amended complaint).

6

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: June 9, 2025                       s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 9, 2025.


                                         s/Sara Krause
                                         Case Manager
                                         (810) 341-7850

7