UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK DENNIS WEBB,                                   Case No. 24-12895

       Plaintiff,                                   F. Kay Behm
v.                                                   U.S. District Judge

CITY OF DETROIT, *et al.*,                           Curtis Ivy, Jr.
                                                     U.S. Magistrate Judge
       Defendants.
_____ /

**OPINION AND ORDER ACCEPTING AND ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 55)**

## I.    PROCEDURAL HISTORY

On November 1, 2024, Plaintiff Derek Dennis Webb filed his pro se civil rights complaint against City of Detroit/Detroit Police Department, Officer Felicia Washington, Officer Angelica Robinson, Officer L.A. Shamily, Officer R.A. Randolph, and unnamed John Doe Officers. (ECF No. 1). After obtaining the Court's leave to amend, Plaintiff filed his Amended Complaint on June 16, 2025. (ECF Nos. 30, 45, 46). On July 7, 2025, Defendant City of Detroit filed its second motion to dismiss Pursuant to Rule 12(b)(6). (ECF No. 48). This matter was referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings. (ECF No. 20). Judge Ivy issued his report and recommendation

1

on the City of Detroit's motion to dismiss the Amended Complaint on February 27, 2026, recommending that the motion to dismiss be granted. (ECF No. 55).  Plaintiff filed objections to the report and recommendation. (ECF No. 56).  The court concludes that it may resolve the objections without a response from the City of Detroit.

For the reasons set forth below, the court **OVERRULES** Plaintiff's objections to the report and recommendation, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the City of Detroit's motion to dismiss the Amended Complaint, and **DISMISSES** the City of Detroit and the Detroit Police Department from this lawsuit.

## II.    LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error."  *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec*., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III.   ANALYSIS

The court assumes familiarity with the facts and the report and recommendation.  Judge Ivy first recommended that, to the extent that Plaintiff sought to sue the Detroit Police Department, that suit would be subject to dismissal because the Police Department is not an entity subject to suit under § 1983.  Therefore, Judge Ivy construed all references to the Detroit Police Department as addressing the City of Detroit.  (ECF No. 55, PageID.455-56).  Next, Judge Ivy recommended that Plaintiff's *Monell* claims against the City of Detroit be dismissed.  Finally, Judge Ivy recommended dismissal of Plaintiff's gross negligence claim against the City of Detroit.  Based on the foregoing conclusions, Judge Ivy recommended granting the City of Detroit's motion to dismiss and dismissing the City and the Police Department as Defendants from this matter.  (*See* ECF No. 55).

Plaintiff filed objections, which are quoted here in their entirety:

> On 2/27/26 Report and Recommendation on Defendant City of Detroit Second Motion to Dismiss (ECF N. 48)
>
> Plaintiff Mr. Webb 1) objection never alleges he was jailed.
>
> Plaintiff Mr. Webb 2) objection DMC intake nurse that this Plaintiff had brandishing a firearm. Plaintiff never in his Amend Complaint dated 6/16/2025 never said

4

he was jailed.  DMC stated final report "per police he had a firearm.

In the Report and Recommendation on Defendant City of Detroit page (3) this Plaintiff completely and never made any statement that Plaintiff was jailed or alleges anything like that in his Complaint dated 6/16/2025.  See Exhibit DMC Final Report and DPD Incident Report 221025-0070.

(ECF No.  56, PageID.471-72).  Plaintiff's primary objection seems to be that contrary to the Report and Recommendation, Plaintiff never alleged in his Amended Complaint that he was jailed.  The Report and Recommendation states that:  "Plaintiff alleges that he was jailed without the police officers having any 'conclusive evidence that any felonious assault or general threats occurred."  (ECF No. 55, PageID.453, quoting ECF No. 46, PageID.392, ¶ 25).  It is true that Plaintiff's Amended Complaint does not allege that he was actually jailed.  Instead, it alleges that "Officer(s) will/would … take the Plaintiff(s) to jailed [sic] without have any conclusive evidence that any **FELONIOUS ASSAULT** or **GENERAL THREATS** any crime have/has occurred by this plaintiff(s)."  (ECF No. 46, PageID.392, ¶ 25) (emphasis in original).

Plaintiff does not explain how this slight error in describing an allegation in the Amended Complaint is an error controverting the Magistrate Judge's conclusions that the Amended Complaint failed to state a claim against the

City of Detroit and that the motion to dismiss should be granted or the basis for those conclusions.  This is simply not an objection that goes to the "factual and legal" issues "at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  Accordingly, the objection is improper and must be **OVERRULED**.  To the extent that Plaintiff attempted to lodge any additional objections, the court finds that the objections are not clear and specific enough such that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  Thus, any such objections are also **OVERRULED**.

## IV.    CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiff's objections to the report and recommendation (ECF No. 56), **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 55), **GRANTS** the City of Detroit's motion to dismiss the Amended Complaint (ECF No.  48), and **DISMISSES** the City of Detroit and the Detroit Police Department from this lawsuit.

**SO ORDERED**.

Date: March 13, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

6